# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP EGBERT, | : | Civil No. 3:26-cv-2099 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, LSCI-ALLENWOOD, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Philip Egbert ("Egbert") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Egbert contends that the Federal Bureau of Prisons ("BOP") is improperly refusing to place him in prerelease custody in violation of 18 U.S.C. § 3621(b), because he is subject to an immigration detainer. (*Id.* at 6). Respondent asserts that the Section 2241 petition should be dismissed because Egbert failed to exhaust his administrative remedies. (Doc. 9). For the reasons set forth below, the Court will dismiss the habeas petition without prejudice because Egbert's claims are not exhausted.

## I. Background

### A. Egbert's Criminal History

Egbert is serving a 60-month term of imprisonment and a 5-year term of supervision imposed by the United States District Court for the Middle District of Florida for his conviction of conspiracy to import five kilograms or more of cocaine into the United States.

(Doc. 9-2, Declaration of BOP Attorney Austin Langon ("Langon Decl."), at 2 ¶ 3; Doc. 9-3, Public Information Inmate Data). According to BOP documentation submitted by Respondent, Egbert's anticipated release date is presently calculated as April 17, 2029, via Good Conduct Time release, and a First Step Act release date of September 4, 2028. (Doc. 9-3). However, a review of the BOP's inmate locator indicates that Egbert's projected release date is now August 20, 2028.[1]

B. Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Egbert filed one administrative remedy. (Doc. 9-5, Administrative Remedy Generalized Retrieval).

On May 4, 2026, Egbert filed administrative remedy 1277422-F1 with the institution, "requesting [the] BOP to lawfully conduct an individualized evaluation for prerelease placement custody consideration to RRC/HC as required and mandated by Congress by ONLY following the 5 factors under 18 U.S.C. [§] 3621(b)." (Doc. 1-1; *see also* Doc. 9-5, at 3). The institution denied the remedy and advised Egbert that, pursuant to the Second Chance Act, placement in a Residential Reentry Center ("RRC") is not available to him until the final months of his prison term. (Doc. 1, at 9; *see also* Doc. 9-5, at 3). Specifically, the institution explained that the BOP's policies provide that, ordinarily, recommendations for

---

[1] *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 35194-510) (last visited Sept. 22, 2026).

RRC placements are first reviewed approximately 17 to 19 months prior to the inmate's probable release date, which, in Egbert's case, is January 3, 2028. (Doc. 1, at 9).

Egbert did not appeal to the Regional or Central Offices. (*See* Doc. 9-5).

## II. <u>Discussion</u>

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S.

509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that Egbert filed one administrative remedy—number 1277422-F1—requesting individual consideration under the five factors set forth in 18

U.S.C. § 3621(b). (Doc. 1-1; Doc. 9-5, at 3). The undisputed record further reflects that the institution denied the remedy and Egbert did not appeal to the Regional or Central Offices. (Doc. 9-5, at 3).

In his habeas petition, Egbert alleges that the BOP violated the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), by failing to provide him with individualized consideration for Second Chance Act prerelease custody based on the five factors set forth in 18 U.S.C. § 3621(b). (Doc. 1). Egbert requests a Court Order directing the BOP to "consider, in good faith, the 'factors enumerated in Section 3621.'" (*Id.* at 7). Egbert's argument does not implicate statutory construction, so administrative exhaustion of his claim is required. *See, e.g.*, *Mier-Garces v. Greene*, No. 1:25-cv-2444, 2026 WL 27185, at *5-7 (M.D. Pa. Jan. 5, 2026). Egbert, however, admits that he did not exhaust his habeas claims. (Doc. 1, at 2, 6-7). Administrative exhaustion would have given the BOP an opportunity to complete the five-factor analysis required by 18 U.S.C. § 3621(b). Because Egbert's challenge to the Second Chance Act does not challenge statutory construction, and because he failed to fully and properly exhaust his administrative remedies before petitioning this Court, the habeas the petition will be dismissed without prejudice.[2]

---

[2] The Court also notes that Egbert's habeas petition is procedurally flawed in that his claim is not ripe for adjudication, as the BOP has not yet made an RRC placement decision in his case. Pursuant to the Second Chance Act, RRC placement is not available to Egbert until the final months of his prison term. *See* 18 U.S.C. § 3624(c)(1). Because a final RRC placement decision was not made at the time the instant petition was filed, it was not ripe, nor is it ripe as of the date of this Memorandum. *See Porter-Bey v. Bledsoe*, 456 F. App'x 109, 111 (3d Cir. 2012) (when "neither a final decision nor a final recommendation [on RRC] has been made...[the] habeas corpus petition...is not ripe for judicial review").

## III. Conclusion

For the foregoing reasons, the Court will dismiss without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 22, 2026